**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GEORGE EARL CRAWFORD, | : | CIVIL ACTION NO. |
| BOP Reg. # 93963-071, | : | 1:10-CV-2368-TWT-SSC |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:08-CR-103-TWT-SSC |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant challenges the sentencing enhancement that he received in this Court in July 2009. Now before the Court are his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 135], with Memorandum in Support [Doc. 135-1], and Respondent's Motion to Dismiss the § 2255 motion [Doc. 152].

### I. Guilty Plea and Sentencing

On May 7, 2009, Movant pled guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349. (Doc. 94-1 at 1; see also Doc. 1 at 1-5). Included in Movant's Plea Agreement was a Limited Waiver of Appeal, which provided:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and *the right to collaterally attack his sentence in any post-conviction proceeding, including a § 2255, on any ground,* except that the Defendant may file a direct appeal of a sentence higher than the otherwise applicable advisory sentencing guideline range. The Defendant understands that this Plea Agreement does not limit the

Government's right to appeal, but if the Government appeals the sentence imposed, the Defendant may also file a direct appeal of his sentence.

(Doc. 94-1 at 8 (emphasis added)). Movant signed the Plea Agreement and then separately signed the following acknowledgment:

> I have read the Criminal Information against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. **I also have discussed with my attorney the rights I may have to appeal or challenge my sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in any post-conviction proceeding.** No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. **I am fully satisfied with the representation provided to me by my attorney in this case.**

(Id. at 9-10 (emphasis in original)).

At Movant's sentencing hearing, the Court explained to him that by entering into his plea agreement, Movant was not only waiving his right to file a direct appeal but also "waiving all right to bring any sort of habeas corpus proceeding or otherwise attack [his] sentence through a separate proceeding." (Doc. 143 at 19-20). Movant stated that he understood and that he had discussed the matter with his attorney. (Id. at 20). Movant's attorney confirmed that he had explained to

2

Movant "all that that means" for Movant and that he, the attorney, was "confident that [Movant] understands the valuable right that he's giving up in exchange for concessions by the government." (Id.). On July 17, 2009, the Court sentenced Movant to serve seventy-two months in federal prison, twenty of those months to be served concurrently to a sentence Movant had received in the United States District Court for the Eastern District of Tennessee. (Doc. 109 at 2).

## II. § 2255 Motion to Vacate and Government's Response

In his § 2255 motion to vacate his sentence, Movant raises one claim: that his attorney provided ineffective assistance at his sentencing hearing by not being prepared to object on substantive grounds to a two-level sentencing "enhancement for using checks as access devices." (Doc. 135 at 4; see also Doc. 135-1 at 1-7). Movant claims that absent his counsel's ineffectiveness, his term of imprisonment would have been thirteen months shorter than the term he received. (See Doc. 135-1 at 6). Respondent moves to dismiss the § 2255 motion on the ground that the Court may not address the merits of Movant's claim because Movant's plea agreement and appeal waiver constitute his knowing and voluntary waiver of his right to raise such a claim in a § 2255 proceeding. (Doc. 152 at 5-10).

## III. Discussion

The Supreme Court set forth the standard for evaluating a claim of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984).

3

First, a court determines "whether, in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." Id. at 690. Second, a court determines whether counsel's challenged acts or omissions prejudiced the defendant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test also applies in the context of a guilty plea, where, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also United States v. Broce, 488 U.S. 563, 569 (1989) (stating that "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary").

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir.), cert. denied, 546 U.S. 902 (2005). "[F]or a sentence-appeal waiver to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or

4

(2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. (citation omitted) (internal quotations omitted). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342; see also United States v. White, 307 F.3d 336, 343 (5th Cir. 2002) (following "wealth of authority" in holding "that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself").[1]

Movant has not challenged the validity of his plea agreement or appeal waiver by alleging that he entered into either one unknowingly or involuntarily or that his counsel provided ineffective assistance with respect to the agreement and waiver. Therefore, in light of Movant's valid and enforceable appeal waiver, his claim of ineffective assistance of counsel at sentencing is barred from review on the merits in this § 2255 action. See Williams, 396 F.3d at 1342.

---

[1] Nevertheless, "[e]ven judicially enforced, knowing and voluntary sentence appeal waivers . . . would not prevent a collateral § 2255 action concerning certain subjects"—such as "a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." United States v. Bushert, 997 F.2d 1343, 1350 nn.17-18 (11th Cir. 1993) (internal quotations omitted), cert. denied, 513 U.S. 1051 (1994). Movant has not suggested that any such extraordinary circumstance exists here, and the Court is not aware of any. The statutory maximum sentence for bank fraud is thirty years' imprisonment. 18 U.S.C. § 1344.

5

## IV. **Certificate of Appealability**

A federal prisoner must obtain a certificate of appealability (COA) before appealing the denial of a motion to vacate. See 28 U.S.C. §§ 2253(c)(1)(B), 2255(d). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation omitted) (internal quotations omitted). A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934 (11th Cir.) (citing Miller-El v. Cockrell, 537 U.S. 322, 337, 342 (2003)), cert. denied, 130 S. Ct. 783 (2009). Furthermore,

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (internal quotations omitted) (citing Slack, 529 U.S. at 484).

6

Although Slack involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. See Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying Slack standard in § 2255 case). Because Movant has not demonstrated that his appeal waiver is invalid, or even attempted to do so, a COA is not warranted here.

**V. Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **GRANT** the Government's Motion to Dismiss Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. 152], **DISMISS** this action, and **DENY** Movant a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED and DIRECTED** this 27th day of August, 2012.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

7